EXECUTION COPY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HEATHER E. DANIELS,<br><br>          Plaintiff,<br>-against-<br><br>BABETTE HADDAD et al.,<br><br>          Defendants. | No. 17-CV-8067 (RA) (BCM) |
| BABETTE HADDAD et ano.,<br><br>          Plaintiff,<br>-against-<br><br>HEATHER E. DANIELS,<br><br>          Defendants. | No. 18-CV-1144 (RA) (BCM) |

<u>**SETTLEMENT AGREEMENT AND GENERAL RELEASE**</u>

Heather E. Daniels (the "Plaintiff"), as plaintiff in the pending action captioned *Daniels v. Haddad*, No. 17-CV-8067 (RA) (BCM) (S.D.N.Y.) (the "*Daniels* Action") and as defendant in the pending action captioned *Haddad v. Daniels*, No. 18-CV-1144 (RA) (BCM) (S.D.N.Y.) (the "*Haddad* Action"; together with the *Daniels* Action, the "Related Actions") and Babette Haddad ("Haddad"), MCHNY LLC d/b/a Maxwell's Chophouse ("MCHNY"), and Mocal Enterprises Inc. ("Mocal"; together with Haddad and MCHNY, the "Defendants"), all as defendants in the *Daniels* Action and Haddad and MCHNY as plaintiffs in the *Haddad* Action (the Plaintiff and the Defendants each a "Party" and collectively the "Parties"), hereby agree upon this Settlement Agreement and General Release (the "Agreement") as a resolution of all issues involved in the Related Actions as follows:

1.   <u>Preliminary Matters</u>.  The Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with her legal counsel, including Daniel Bright, Esq. of Lichten & Bright, P.C. (the "Plaintiff's Counsel"), and/or other advisors of her own choosing in order to obtain advice with respect to the terms of this Agreement.  The Parties, including the Plaintiff's Counsel, participated in lengthy settlement discussions over several months, including a mediation session and subsequent negotiations.  Prior to signing this Agreement, the Plaintiff has had the opportunity to consider her counsel's advice with respect to the foregoing and following Agreement.  The Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.  Given the promises set forth in the Agreement, the Plaintiff represents and warrants that she now has been properly paid for all time worked during her employment by the Defendants, and acknowledges and agrees that she will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from any of the Defendants.

58124716.v4

2.   <u>No Admission of Liability</u>.  The Parties hereto recognize and agree that the Defendants do not admit, and expressly deny, any violation of law or any liability to the Plaintiff or to anyone else as a result of or growing out of the matters set forth in the complaint in the *Daniels* Action, or which could have been raised in such suit, or which otherwise involve the Plaintiff's employment relationships with the Defendants and the separation or termination of the Plaintiff's employment relationships with the Defendants.  The Plaintiff and the Plaintiff's Counsel will not be deemed or considered a prevailing party or parties.  The Parties hereto further recognize and agree that the Plaintiff does not admit, and expressly denies, any violation of law or any liability to the Defendants or to anyone else as a result of or growing out of the matters set forth in the complaint in the *Haddad* Action, or which could have been raised in such suit, or which otherwise involve the Plaintiff's employment relationships with the Defendants.  The Defendants and their counsel will not be deemed or considered a prevailing party or parties.

3.   <u>Dismissal of Pending Actions</u>.  For and in consideration of the promises outlined in this Agreement, the sufficiency of which the Plaintiff and the Defendants each acknowledge, the Plaintiff and the Defendants agree as follows:

     a.   The Plaintiff shall (i) dismiss with prejudice, or cause to be dismissed with prejudice, the *Daniels* Action, including but not limited to any claims held by the Plaintiff; (ii) not re-file the causes of action asserted in the *Daniels* Action or any other causes of action against the Releasees (as defined below) arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the *Daniels* Action; and (iii) not institute any action against any of the Releasees (as defined below) in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement.

     b.   The Defendants shall (i) dismiss with prejudice, or cause to be dismissed with prejudice, the *Haddad* Action, including but not limited to any claims held by the Defendants; (ii) not re-file the causes of action asserted in the *Haddad* Action or any other causes of action against the Plaintiff arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the *Haddad* Action; and (iii) not institute any action against the Plaintiff in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement.

     c.   The Parties expressly authorize their counsel to  submit any papers to the Court that are necessary to effectuate the dismissal of the Related Actions, approval of this Agreement as fair and reasonable, and/or the effectuation of a full release of claims as specified herein.  Neither the Plaintiff nor the Defendants will not be considered a prevailing party.

4.   <u>Consideration</u>.

     a.   The Defendants agree to pay the Plaintiff and her counsel the total sum of Forty-Eight Thousand Dollars and Zero Cents ($48,000.00) as set forth and allocated in Section 7 below (the "Settlement Payment"), and other good and valuable consideration as described below.  Under no circumstances shall the Settlement Payment exceed Forty-Eight Thousand Dollars and Zero Cents ($48,000.00), excluding the employer's share of payroll taxes typically borne by an employer with respect to any payments made to the

2

Plaintiff on a W-2 basis. The Defendants shall be free to divide, allocate, or apportion responsibility for the Settlement Payment amongst themselves.

b.      The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties, and liquidated damages. If required by the Court, the Parties agree that the Plaintiff's Counsel may petition the Court for approval of attorneys' fees and costs. All fees and costs shall come out of the Settlement Payment. The Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of the Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from any consideration by the Court of the fairness, reasonableness, adequacy, and good faith of the settlement of the *Daniels* Action. The outcome of any proceeding related to the Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Related Actions.

c.      The Plaintiff agrees that she has no entitlement to any wages, compensation, bonuses, commissions, gratuities, charges purported to be gratuities, payouts, severance pay, vacation pay, sick leave, or other benefits, damages, attorneys' fees or costs from the Releasees (as defined below), except as specifically provided in this Settlement Agreement.

5.    <u>Mutual Releases</u>.

a.      <u>General Release by the Plaintiff</u>. For and in consideration of the promises, payments and actions of the Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, the Plaintiff, on behalf of herself and her beneficiaries, successors, assigns, and any other entity or individual who may make any claim by or through the Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges the Defendants, the Defendants' parents, subsidiaries, affiliates, predecessors, successors, and assigns, and each of their respective officers, directors, employees, shareholders, trustees, and partners (collectively with the Defendants, the "Releasees") from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against the Releasees, arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from the beginning of the world through the date the Plaintiff executes this Agreement, including but not limited to: (i) claims arising directly or indirectly from the Plaintiff's association, employment, and/or engagement with any of the Releasees, whether as independent contractors, employees, or otherwise, and/or the termination of that association, employment, and/or engagement; (ii) claims arising directly or indirectly from the actions or inaction of the Releasees; (iii) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not

3

limited to, claims under the New York Labor Law, the New York Wage Theft Prevention
Act, the New York Hospitality Industry Wage Order, New York Wage Order for
Miscellaneous Industries and Occupations, the New York Restaurant Industry Wage
Order, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil
Rights Act of 1866, the Age Discrimination in Employment Act ("ADEA"), the Older
Worker Benefit Protection Act, the Rehabilitation Act, the Americans with Disabilities
Act, the Employee Retirement Income Security Act, the Equal Pay Act, the Immigration
Reform and Control Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair
Credit Reporting Act, the Sarbanes Oxley Act, the Occupational Safety and Health Act,
the Family and Medical Leave Act, the Federal Worker Adjustment and Retraining
Notification Act, the New York Worker Adjustment and Retraining Notification Act, the
New York Corrections Law, the New York State Human Rights Law, the New York
Earned Sick Time Act, the New York Civil Rights Act; the New York City Human
Rights Law, the New York Corrections Law, each as amended, or any other federal, state,
and/or local law; (iv) claims for retaliation, minimum wages, overtime, commissions,
and/or unpaid wages, compensation, and/or other remuneration, whether based on
common law or otherwise, which specifically includes all claims for unpaid overtime,
improper deductions, travel time, off-the-clock work, spread of hours pay, bonuses,
penalties, expense reimbursements, gratuities, charges purporting to be gratuities, fees,
tip credits, tip allowances, service charges, retained gratuities, improper tip pooling or tip
sharing arrangements, call-in pay, tools-of-the-trade, and/or meal credits during the
Plaintiff's employment with any of the Releasees and/or other compensation, wages, or
benefits including, but not limited to, life insurance, accidental death and disability
insurance, sick leave, or other employer provided plan or program, distributions of
income or profit, vacation or other leave time, retirement, pension, the use of information
obtained by Releasees as a result of the offering of group health insurance coverage
and/or any related penalties, damages, liquidated damages and attorneys' fees under
federal, state and/or local law; and (v) any other claim, whether for monies owed,
reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of
emotional distress, negligence, promissory estoppel, breach of contract, breach of an
implied covenant of good faith and fair dealing, constructive discharge, wrongful
discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the
time of the execution of the Agreement, including, but not limited to, all claims asserted
in the *Daniels* Action. This release is limited solely and only to claims that have arisen
on, or prior to, the date this Agreement is executed and transmitted to counsel for the
Defendants and it does not release or discharge any claims that may occur after that date.
The only exclusions from this release provision are claims for unemployment insurance
and workers' compensation. The Plaintiff hereby specifically acknowledges that this
Agreement, and the monies received by the Plaintiff and referenced herein, are a fair and
reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards
Act and/or for time worked. For the avoidance of doubt, this release includes the release
of all claims that were or could have been raised by the Plaintiff in the *Daniels* Action.

Nothing in this Agreement shall infringe on the Plaintiff's ability to testify, assist or
participate in an investigation, hearing or proceeding conducted by or to file a charge or
complaint of discrimination with the National Labor Relations Board, U.S. Equal
Employment Opportunity Commission or comparable state or local agencies. These
agencies have the authority to carry out their statutory duties by investigating the charge

4

or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law.  However, the Plaintiff is precluded from receiving compensation as a result of any such action.

        b.    <u>General Release by the Defendants</u>.  The Defendants agree, on their own behalf and on behalf of the Releasees, to, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge the Plaintiff from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against the Plaintiff.

6.    <u>The Plaintiff's Responsibility for Taxes</u>.  The Plaintiff assumes full responsibility for any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by the Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by the Defendants to the Plaintiff and/or the Plaintiff's Counsel pursuant to this Agreement.  Although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that the Plaintiff and/or any Defendant is liable for any failure by the Plaintiff or the Plaintiff's Counsel to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, the Plaintiff agrees to indemnify and to hold the Defendants harmless for any such liability.

7.    <u>Payments</u>.  In consideration of the promises of the Plaintiff set forth herein, the Defendants shall issue the Settlement Payment set forth in Section 4 as a full and complete settlement and final satisfaction of any and all claims concerning wages and hours that the Plaintiff has or may have against the Releasees, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs.

        a.    <u>Timing</u>.  The Settlement Payment shall be paid by certified checks, divided as set forth in the immediately following subsection, within thirty (30) days after the last of the following events, all of which must occur, occurs:  (i) the Plaintiff has fully executed this Agreement and delivered the same to the Defendants' counsel at Fox Rothschild LLP (Attn: Jordan E. Pace), 101 Park Avenue, 17th Floor, New York, New York, 10178; (ii) the Plaintiff's Counsel has executed and delivered to counsel for Defendants a valid IRS Form W-9; and (iii) the Court both approves this Agreement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016) and fully and finally dismisses the *Daniels* Action with prejudice.

        b.    <u>Division</u>.  The Settlement Payment shall be divided as follows:

            i.    One (1) check payable to "Lichten & Bright, P.C., as attorneys for Heather E. Daniels" in the amount of Ten Thousand Four Hundred Eighty-Nine and

00/100 Dollars ($10,489.00), less applicable taxes and withholdings, in full satisfaction of all claims the Plaintiff may have for wages or compensation, to be reported on an IRS Form W-2 issued to Heather E. Daniels;

ii.      One (1) check payable to "Lichten & Bright, P.C., as attorneys for Heather E. Daniels" in the amount of Twenty Thousand Nine Hundred Seventy-Eight and 00/100 Dollars ($20,978.00), from which no taxes and withholdings will be deducted, in full satisfaction of all claims the Plaintiff may have for liquidated damages, emotional distress arising from alleged retaliation, alleged failure to provide rate of pay notice, alleged failure to provide proper pay statements, and any other non-wage damages, and to be reported on an IRS Form 1099 issued to Heather E. Daniels; and

iii.     One (1) check payable to "Lichten & Bright, P.C." in the amount of Sixteen Thousand Five Hundred Thirty-Three and 00/100 Dollars ($16,533.00), in full satisfaction of all claims the Plaintiff may have for attorneys' fees, costs, or disbursements, to be reported on an IRS Form 1099 issued to both Heather E. Daniels and the Plaintiff's Counsel.

c.      In no event shall any settlement payment under Sections 4 or 7 of this Agreement be due until the Court fully and finally dismisses the *Daniels* Action with prejudice and this Agreement has been approved as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, which the Parties agree it is. The Parties agree that the Plaintiff shall submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act and in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016). The Defendant shall be allowed to first review and comment on the Plaintiff's approval application prior to its submission to the Court, as well as submit its own submission if appropriate.

8.      Dismissal of the Complaints. The Court shall dismiss the *Daniels* Action as against the Defendants, with prejudice, and shall dismiss the *Haddad* Action as against the Plaintiff, with prejudice; however the Court shall retain jurisdiction pursuant to Section 9 of this Agreement and the other terms of this Agreement in the event of the Defendant's failure to pay the Settlement Payment and failure to cure as described below. In the event that any part of the Settlement Payment is not paid by the payment date set forth in Section 7 above, the Plaintiff shall serve a written notice (the "Default Notice") upon counsel for the Defendants by certified mail, and the Defendants shall have ten (10) calendar days from the date of delivery of the Default Notice to cure the default by making such payment

9.      Governing Law. The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue for any dispute between the parties shall lie in the United States District Court for the Southern District of New York. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York. The District Court's refusal to retain jurisdiction over

6

the settlement shall not void or otherwise affect this Agreement.  If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5, as to which all monies paid hereunder must be returned to the Defendants if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. The Plaintiff acknowledges that she has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.  The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

10.     Return of the Defendants' Property.  To the extent that the Plaintiff has not already done so, the Plaintiff agrees to return promptly to the Defendants all property of the Defendants, which is or has been in her possession, custody, or control, including but not limited to laptops, written materials, records, computer files, databases, laptop computers, cell phones, and documents (whether maintained in hard copy format, digitally, electronically, or in any other medium) and any copies thereof, as well as any keys, access cards, and/or passwords or other information necessary to obtain access to and use any such materials, including, but not limited to all property of the Defendants taken or received by the Plaintiff during her employment or upon her separation from Defendants.

11.     Status of Settlement If Case Is Not Ultimately Dismissed.  In the event the Court fails to dismiss the *Daniels* Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*.  In such case, the Parties shall be returned to their respective statuses as of May 31, 2018, and the parties shall proceed in all respects as if the Agreement had not been executed.

12.     Communications with the Media.  The Plaintiff, the Plaintiff's Counsel, the Defendants, and the Defendants' Counsel agree that they will not issue, send or post, or cause to be issued, sent or posted, any press release, posting, e-mail, or other verbal or written communication to any electronic, print, or digital media, blogs, or social networking sites, including but not limited to Facebook, LinkedIn and Twitter (collectively, the "Media") regarding the Related Actions, the Parties' settlement discussions, the existence and/or terms of this Agreement, and/or the facts and events leading up to same.  If contacted by any member of the Media or any other individuals through any of the Media, the Plaintiff and/or the Plaintiff's Counsel will simply refer the inquirer to the public dockets.  The Defendants shall not affirmatively disclose this Agreement or its terms to any entity or individual not affiliated with the Defendants who purports to be or purports to represent a creditor of the Plaintiff.  Notwithstanding the terms of this paragraph, the Parties shall be free to make whatever disclosures they deem appropriate to their attorneys and financial and tax advisors, as well as, in the Defendants case, to their members, officers, shareholders, directors, and/or other relevant stake holders as well as their attorneys and financial and tax advisors, with respect to this litigation, all provided that those disclosures shall be truthful.  Nothing herein shall prevent the Plaintiff's Counsel from communicating with the Plaintiff, clients, or potential clients.  Nothing herein shall prevent any Party or any Party's counsel from complying with a lawful court order or subpoena or any law or regulation requiring disclosure.  Nothing herein shall prevent the Plaintiff from exercising protected rights to the extent such rights cannot be waived by law.

13.     Important Acknowledgments.  It is understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein and for the full and final releases

7

58124716.v4

effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their counsel. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

14.     No Other Representations or Agreements.   Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

15.     No Modification Except In Writing. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

16.     Successors and Assigns.   This Agreement will apply to, be binding in all respects upon and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs and others taking from them; provided, however, that no party may delegate or avoid any of its liabilities, obligations or responsibilities under this Agreement.

17.     Representations.   The Plaintiff and the Plaintiff's Counsel represent that they do not know of any claims currently threatened or asserted, or that, as of this date, they do not know of any claims that may be forthcoming in the future, against any of the Defendants or Releasees, except for the *Daniels* Action.   The Plaintiff represents and warrants that she is aware of no facts that would support any legal claim by her against any of the Defendants or Releasees other than those that were asserted in the *Daniels* Action and are being released as part of this Agreement. The Plaintiff agrees and understands that this provision constitutes a material provision of this Agreement.

18.     Execution In Counterpart and Facsimile Signatures.   This Agreement may be executed in counterparts that, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or e-mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

19.     Knowing and Voluntary Release of Claims.   The Plaintiff acknowledges that: (i) the Plaintiff has carefully read this Agreement and they fully understands its meaning; (ii) the Plaintiff has been advised that an individual waiving rights under ADEA is entitled to a minimum of 21 days within which to consider this agreement and release, and therefore the Plaintiff acknowledges that she has 21 days from the date of receiving this Agreement, which contains a release of ADEA claims, to return the signed Agreement and release, though the Plaintiff may execute and return this agreement and release earlier; (iii) by executing and returning this agreement and release during the 21 day period, the Plaintiff will waive any right

8

to consider the agreement and release for the 21 day period; (iv) the Defendants hereby advise the Plaintiff in writing to consult with an attorney before signing this Agreement, and the Plaintiff acknowledges that she has in fact consulted with an attorney regarding this Agreement; (v) the Plaintiff is signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and (vi) everything the Plaintiff is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause the Plaintiff to sign it.

20.    <u>Revocation</u>.  The Plaintiff understands and agrees that she has a period of seven (7) days following the signing of this Agreement to revoke it.  The Plaintiff understands that in the event that she revokes this Agreement, the entire Agreement shall be null and void and of no force or effect on either party and therefore the Defendants will be under no obligation to make the payments set forth in Sections 4 or 7.  In order to revoke this Agreement, the Plaintiff so must sign and send a written notice of the decision to do so, addressed to Fox Rothschild LLP (Attn: Jordan E. Pace), 101 Park Avenue, 17th Floor, New York, New York, 10178, and the written notice must be received by the Defendants no later than the eighth day after the Plaintiff signs this Agreement.  The Plaintiff further understand that this Agreement shall not be effective or enforceable until the day after the seven (7) day revocation period has expired and provided that the Plaintiff does not revoke this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer, representative, or attorney to execute, this Agreement as of the last date dated below.


HEATHER E. DANIELS

Sign: _____

Date: _____


BABETTE HADDAD

Sign: _____

Date: _____6/21/18_____


MCHNY LLC d/b/a MAXWELL'S
CHOPHOUSE

By: _____Babette Haddad - Pres.___

Sign: _____

Date: _____6/21/18_____


MOCAL ENTERPRISES INC.

By: ____Maxwell Haddad, VP____

Sign: _____

Date: ___6/21/2018_____


9

to consider the agreement and release from the 21-day period (iv) the Defendants advised the Plaintiff in writing to consult with an attorney before signing this Agreement, and the Plaintiff acknowledges that she has in fact consulted with an attorney regarding this Agreement; (v) the Plaintiff is signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and (vi) everything the Plaintiff is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause the Plaintiff to sign it.

20.     <u>Revocation</u>.  The Plaintiff understands and agrees that she has a period of seven (7) days following the signing of this Agreement to revoke it.  The Plaintiff understands that in the event that she revokes this Agreement, the entire Agreement shall be null and void and of no force or effect on either party and therefore the Defendants will be under no obligation to make the payments set forth in Sections 4 or 7.  In order to revoke this Agreement, the Plaintiff so must sign and send a written notice of the decision to do so, addressed to Fox Rothschild LLP (Attn: Jordan E. Pace), 101 Park Avenue, 17th Floor, New York, New York, 10178, and the written notice must be received by the Defendants no later than the eighth day after the Plaintiff signs this Agreement.  The Plaintiff further understand that this Agreement shall not be effective or enforceable until the day after the seven (7) day revocation period has expired and provided that the Plaintiff does not revoke this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer, representative, or attorney to execute, this Agreement as of the last date dated below.

HEATHER E. DANIELS

Sign: _Heather Daniels_

Date: _6/20/2018_

BABETTE HADDAD

Sign: _____

Date: _____

MCHNY LLC d/b/a MAXWELL'S CHOPHOUSE

By: _____

Sign: _____

Date: _____

MOCAL ENTERPRISES INC.

By: _____

Sign: _____

Date: _____

9

58124716.v4