USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/17/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| HEATHER E. DANIELS,<br><br>              Plaintiff,<br><br>v.<br><br>BABETTE HADDAD, MCHNY LLC d/b/a MAXWELL'S CHOPHOUSE, and MOCAL ENTERPRISES, INC.,<br><br>              Defendants. | No. 17-CV-8067 (RA)<br><br>OPINION & ORDER |
| BABETTE HADDAD, and MCHNY LLC d/b/a MAXWELL'S CHOPHOUSE,<br><br>              Plaintiffs,<br><br>V.<br><br>HEATHER E. DANIELS,<br><br>              Defendant. | No. 18-CV-1144 (RA)<br><br>OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

On October 19, 2017, Plaintiff Heather Daniels brought an action in this Court against Defendants Babette Haddad, MCHNY LLC d/b/a Maxwell's Chophouse, and Mocal Enterprises, Inc. for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On December 4, 2017, Babette Haddadd and MCHNY LLC d/b/a Maxwell's Chophouse—two of the defendants in the action brought by Daniels—brought a separate action against Daniels in New York County Supreme Court for breach of fiduciary duty and other New York common law torts (the "Haddad action"). Daniels removed that action to this Court on

February 8, 2018, and the cases proceeded as related actions. Before the Court is the parties' application for approval of a settlement agreement as to both actions.

The Court, having reviewed the parties' proposed agreement and fairness letter, finds that the settlement is fair and reasonable. Under the terms of the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $48,000. Settlement Agreement ¶ 4(a). After attorney's fees and costs are subtracted, Plaintiff will receive $31,467. Fairness Letter at 2. As a percentage of her alleged damages ($50,000), this take-home award is 62.9% of what she expects she could recover at trial. This amount is reasonable in light of the risks of trial. *Cf. Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

The Court also approves the attorneys' fees and costs set forth in the fairness letter. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). Here, the fee is precisely one-third of the award, and when using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). According to the letter, Plaintiff will receive $31,467 and her attorneys will receive $16,533 ($15,733 in legal fees and $800 in costs). After costs are subtracted, the attorney's fees award is exactly one-third (33.33%) of the net settlement amount. The amount of the fee is therefore reasonable as a fair percentage of the net award.

The settlement agreement's general release provisions are also fair and reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no

2

relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Although the release provisions at issue here are broad—releasing all claims the parties may have against each other with respect to conduct that arose on or prior to the date of the agreement—the provisions are mutual and the parties have provided "a concrete and persuasive explanation of the practical benefit [Plaintiff] stands to realize in exchange for broadly releasing all claims against [Defendants.]" *Id.* at 229; *cf. Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515 (RA), 2017 WL 1857246, at *3 (S.D.N.Y. May 5, 2017) (declining to approve a broad mutual release "absent a sound explanation for how this broad release benefits the plaintiff employee[.]"). Specifically, the parties have explained that the broad mutual release benefits Plaintiff because it releases Defendants' potential claims against her for alleged loans and salary advances, unauthorized credit card charges, a missing laptop computer that Defendants have accused Plaintiff of taking, and all other claims Defendants brought against Plaintiff in the Haddad action. Fairness Letter at 2–3. Given this explanation, the Court is persuaded that the releases are indeed reciprocal and that they provide Plaintiff a practical benefit comparable to the benefit that Defendants will receive. *See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 U.S. Dist. LEXIS 12871, at *5 (S.D.N.Y. Feb. 3, 2016) ("Here, the Settlement provides for both a waiver of claims against Defendants and a waiver of claims against Plaintiffs, assuaging concerns that the waiver unfairly benefits only Defendants."). The mutual release provisions are therefore approved.

Finally, the Court approves the settlement agreement's non-disclosure provision. Non-disclosure provisions can, at times, "be contrary to public policy because they prevent the spread of information about FLSA actions to other workers . . . , who can then use that information to vindicate their statutory rights." *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 U.S. Dist.

LEXIS 53339, at *6 (S.D.N.Y. April 21, 2016). Here, however, the non-disclosure provision benefits Plaintiff as well as Defendants, and "mainly restricts [the parties'] contact with the media, not their general ability to discuss the Settlement." *Lola*, 2016 U.S. Dist. LEXIS 12871, at *7 (S.D.N.Y. Feb. 3, 2016). Specifically, the parties are prohibited from posting verbal or written communications regarding the related actions or the settlement agreement and, if contacted by the media, they are to "simply refer the inquirer to the public dockets." Settlement Agreement at ¶ 12. Under the circumstances of this case—which involves represented parties settling related actions they have brought against each other—such a provision reflects "a reasonable compromise that does not conflict with the FLSA's purpose of protecting against employer abuses." *Id.*

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 17, 2018
New York, New York

Ronnie Abrams
United States District Judge